IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

BRAD PAUL SMITH,                                                                                                PLAINTIFF
ADC # 660448

v.                                                    4:23CV00296-BRW-JTK

LATOYA A. JOHNSON, et al.                                                                              DEFENDANTS

**PROPOSED FINDINGS AND RECOMMENDATIONS**

**INSTRUCTIONS**

The following recommended disposition ("Recommendation") has been sent to United States District Judge Billy Roy Wilson. Any party may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objections; and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

**DISPOSITION**

I.   **INTRODUCTION**

Brad Paul Smith ("Plaintiff") is in custody at the Grimes Unit of the Arkansas Division of Correction ("ADC"). He filed this pro se civil rights action pursuant to 42 U.S.C. § 1983. (Doc. No. 2). Although Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), Plaintiff's IFP Motion should be denied because Plaintiff is a "three striker" under the Prison Litigation Reform Act ("PLRA") and, as set out below, he has not established imminent danger.

## II.     SCREENING

The Court is required to screen prisoner complaints seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).[1] Additionally, the PLRA provides that:

> [i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C.§ 1915(g).

---

[1] The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F .2d 1334, 1337 (8th Cir.1985). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

Additionally, to survive a court's screening, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), citing Twombly, 550 U.S. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Twombly, 550 U.S. at 556-7. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of entitlement to relief." Id.

Plaintiff has had at least three complaints dismissed for failure to state a claim on which relief may be granted.[2] The Court finds that Plaintiff is a "three-striker" within the meaning of the PLRA. Gonzalez v. United States, 23 F. 4th 788, 789-91 (8th Cir. 2022).

Plaintiff may, however, be permitted to proceed in forma pauperis if he falls under the "imminent danger" exception to the three strikes rule set forth above. 28 U.S.C.§ 1915(g). This exception does not apply to allegations of past danger, and the alleged harm must be "real and proximate" and occurring at the time the complaint is filed. Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002). In the Eighth Circuit, the exception does not apply unless the plaintiff alleges "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003).

Here, Plaintiff sued multiple officials of the Cummins Unit of the ADC in their personal and official capacities. (Doc. No. 2). Plaintiff alleges violations of his due process rights, retaliation in the form of a transfer out of the Cummins Unit based on his filing of grievances, and racial discrimination based on Plaintiff being white. (Id.). Plaintiff alleges that the false documentation given by Defendants Johnson and Coleman resulted in his prolonged confinement and suicidal state during which he cut himself several times. (Id. at 7).

---

[2] Smith v. Scott, 5:17-cv-00222-BSM (E.D. Ark.) (dismissed Nov. 17, 2017 for failure to state a claim on which relief may be granted) (no appeal filed); Smith v. Brooks, 5:17-cv-00226-BSM (E.D. Ark.) (dismissed Oct. 31, 2017 for failure to state a claim on which relief may be granted) (affirmed on appeal April 2, 2018); and Smith v. Gibson, 5:19-cv-00332-KGB (E.D. Ark.) (dismissed Sept. 30, 2020 for failure to state a claim on which relief may be granted) (no appeal filed).

Even liberally construing the claims in Plaintiff's Complaint, Plaintiff has not established that he was in imminent danger at the time he initiated this lawsuit. Plaintiff's allegation that he was suicidal and engaged in self-harm during his "stay of confinement" at the Cummins Unit is very troubling. But Plaintiff filed this case on March 27, 2023 when he was no longer in the Cummins Unit; Plaintiff was incarcerated in the Grimes Unit already at the time he filed this lawsuit. (Id. at 2). Plaintiff thus was not in any harm as a result of his "stay of confinement" at the time he filed this action. And allegations of past danger are insufficient to establish that the imminent danger exception should apply. Plaintiff's Complaint does not otherwise indicate an imminent threat of serious physical injury. As such, Plaintiff has not demonstrated that he may proceed under the imminent danger exception to the three-strikes rule.

### III.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. Plaintiff's Complaint be DISMISSED without prejudice.

2. Plaintiff's IFP Motion (Doc. No. 1) be DENIED as moot.

3. If Plaintiff wishes to continue this case, he be required to submit the statutory filing and administrative fee of $402.00 to the Clerk, noting the above case style and number, within fifteen (15) days of the date of this Order, together with a motion to reopen the case. Upon receipt of the motion and full payment, the case will be reopened.

4. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an in forma pauperis appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

Dated this 29th day of March, 2023.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE